# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Mobtown Merch, LLC<br>    *Plaintiff*<br> v.<br><br>Moh-BEEL, LLC and<br>Frederick F. B. Sims<br><br>    *Defendants* | CIVIL ACTION NO. 18-cv-00128<br><br>***JURY TRIAL DEMANDED***<br>Judge<br>Magistrate |

## COMPLAINT

Plaintiff, Mobtown Merch, LLC (the "Plaintiff"), by and through undersigned counsel, for and as its Complaint against Defendants, Moh-BEEL, LLC and Frederick F. B. Sims (the "Defendants"), alleges as follows:

## NATURE OF THE CASE

1. This is an action for false designation of origin under the Lanham Act, 15 U.S.C. § 1125, *et seq.,* Alabama state trademark infringement, unfair competition under the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et seq.,* and the common law.

2. Plaintiff seeks to protect its trademark, (MOH-BEEL) (the "Mark"), from Defendants Moh-BEEL, LLC and Frederick F. B. Sims' unlawful past and future acts of false designation of origin, trademark infringement, and unfair competition through their continued use of confusingly similar trade names and trademarks/service marks and to prevent further confusion and reputational and other harm to Plaintiff.

3. Plaintiff has used its (MOH-BEEL) trademark in commerce on clothing and insulated beverage containers since at least as early as September 2016.

4. In 2016, Plaintiff began using (MOH-BEEL) in commerce as a trademark for its clothing and lifestyle brand. It has since continuously used the (MOH-BEEL) mark in intrastate and interstate commerce.

5. Through Plaintiff's expense and efforts in promoting the (MOH-BEEL) brand, Plaintiff has created consumer demand for (MOH-BEEL) branded products. For example, as shown in Exhibit A, Plaintiff currently sells (MOH-BEEL) branded items in at least five established retailers as well as online.

6. Plaintiff has applied to register its (MOH-BEEL) mark with the United States Patent and Trademark Office ("PTO"), shown in U.S. Trademark Application Serial No. 87658881. Plaintiff has attached its application hereto as Exhibit B.

7. Plaintiff owns Alabama State Trademark Registration No. 117-811 for (MOH-BEEL) for "wearable clothing and garments, namely, shirts." Plaintiff has attached its Registration Certificate as Exhibit C.

8. Upon information and belief, Defendants recognized Plaintiff's efforts and expense in building the (MOH-BEEL) brand.

9. Upon information and belief, Defendants hoped to trade on Plaintiff's efforts and expense by promoting a confusingly similar brand, namely, MOH-BEEL USA.

10. After learning of the success of Plaintiff's MOH-BEEL mark, and despite being aware of Plaintiff's senior rights, Defendant Sims filed a trademark application with the PTO for MOH-BEEL. Plaintiff has attached Defendant's application hereto as Exhibit D.

11. Defendant Sims filed the trademark application and launched a MOH-BEEL line of products with knowledge of Plaintiff's use of (MOH-BEEL) on overlapping and related goods.

12. Upon information and belief, Defendants have and continue to use confusingly similar marks and designations, including MOH-BEEL, in connection with their clothing company. Defendants' use of the confusingly similar marks on its clothing, in its advertising and marketing materials, and on its social media has and is likely to create consumer confusion and has and/or is likely to cause reputational and other harm to Plaintiff.

13. Immediately upon learning of Defendants' confusingly similar mark, Plaintiff, through counsel, contacted Defendants in writing on October 30, 2017 in an effort to resolve this matter. Defendant Sims called Plaintiff's counsel and stated that his lawyers would contact Plaintiff's counsel in due course.  Defendant declined to provide the name of his counsel to Plaintiff's counsel.  Defendant's counsel never contacted Plaintiff's counsel.

14. Attempting to resolve this dispute without litigation, Plaintiff's counsel emailed Defendants on January 22, 2018 explaining that Defendant's continued promotion of MOH-BEEL on clothing was violating Plaintiff's rights and that Defendant's failure to respond to Plaintiff left Plaintiff with no choice but to file suit.

15. Defendant Sims responded to Plaintiff's January 22, 2018 email and stated that his attorneys were looking into the matter but had "no further information of when they will be contacting your firm in this matter." Defendant went on to state that his attorneys "are aware of the letters and emails from [Plaintiff's counsel] and has informed [Defendants] that they will be in contact with [Defendants] accordingly." Plaintiff has provided this email as Exhibit E.

16. Defendants ignored Plaintiff's correspondence and continue to use the infringing

mark in commerce. Plaintiff is consequently forced to seek relief from this Court.

## THE PARTIES

17. Plaintiff, Mobtown Merch, LLC, is an Alabama limited liability company with its principal place of business at 3378 Moffet Road, Mobile, Alabama 36607. Plaintiff operates a clothing and lifestyle brand serving customers nationwide with a focus on the Gulf Coast. Plaintiff has continuously used the MOH-BEEL trademark in commerce since 2016. Plaintiff has never abandoned its MOH-BEEL mark.

18. Upon information and belief, Defendant Frederick F. B. Sims, an individual, is the principal of Moh-BEEL, LLC and has an address of 212 South Dearborn Street, Mobile, Alabama 36602.

19. Upon information and belief, Defendant Moh-BEEL, LLC is an Alabama limited liability company (LLC) with a registered office mailing address of P.O. Box 772, Mobile, Alabama 36602.

20. Defendant Moh-BEEL, LLC's principal place of business and registered agent, Frederick F. B. Sims, are located at 212 South Dearborn Street, Mobile, Alabama 36602.

21. Plaintiff is informed and believes, and upon such good basis alleges, that at all times herein mentioned, each of the Defendants was an agent, servant, employee, and/or joint venture of each of the other Defendants, and was at all times acting within the course and scope of said agency, service, employment, and/or joint venture.

## JURISDICTION AND VENUE

22. Jurisdiction is proper in this Court because this litigation presents federal questions and arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367

because they are so related to Plaintiff's Lanham Act claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

23. The acts and transactions complained of in this Complaint occurred as a result of Defendants' use of the confusingly similar mark MOH-BEEL in connection with their business in the State of Alabama and within this judicial district.

24. All Defendants, either directly or through their agents, are believed to reside in Alabama and/or transacted business in the State of Alabama and within this judicial district, as more specifically set forth below, and expected or should have reasonably expected their acts to have consequences in the State of Alabama and within this judicial district.

25. Venue is proper because a substantial part of the events giving rise to the claims herein occurred in this judicial district, including the operation of Defendants' business using the infringing mark.  Defendants' improper use of MOH-BEEL has created and will continue to create confusion among consumers and has caused and will continue to cause reputational and other harms to Plaintiff in the State of Alabama and this judicial district.

## FACTUAL ALLEGATIONS

26. Plaintiff has offered goods under its (MOH-BEEL) mark since 2016, and the mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff's goods and its goodwill.

27. Through the (MOH-BEEL) mark, Plaintiff has become associated in consumers' minds as a premium source for apparel. As a result, the (MOH-BEEL) mark and its associated goodwill are among Plaintiff's most valuable assets.

**Defendants' Willfully Infringing Actions**

28. Plaintiff is informed and believes, and on that basis alleges, that Defendants, as competitors and Mobile, Alabama neighbors, have been familiar with Plaintiff and its (MOH-BEEL) mark for at least one year.

29. Notwithstanding Plaintiff's well-known and prior rights in its (MOH-BEEL) mark, Defendants began deliberately, willfully, and maliciously offering goods under the nearly identical MOH-BEEL mark. A photo of Defendants' goods is attached hereto as Exhibit F.

30. Plaintiff is rightfully concerned regarding consumer confusion between its business and Defendants' business. Plaintiff has worked hard to establish its reputation and build the goodwill associated with its (MOH-BEEL) brand and is left with no choice but to either suffer consumer confusion or pursue legal action.

**FIRST CAUSE OF ACTION**
**False Designation of Origin in Violation of the Lanham Act**
**15 U.S.C. § 1125(a)**
**(Against All Defendants)**

31. Plaintiff hereby incorporates and re-alleges paragraphs 1-30 of the Complaint as though fully set forth herein.

32. Plaintiff possesses a valid mark entitled to protection under the Lanham Act.

33. Plaintiff's (MOH-BEEL) mark is distinctive, unique, and strong.

34. Defendants have never been authorized to use Plaintiff's (MOH-BEEL) mark.

35. Notwithstanding Plaintiff's well-known and prior rights in its Mark, Defendants, long after Plaintiff had established rights in the Mark, began deliberately, willfully, and maliciously offering goods bearing the confusingly similar mark MOH-BEEL.

36. Defendants' use of the confusingly similar mark constitutes false association and

false designation of origin. Specifically, Defendants' false representations are likely to and/or have caused confusion and mistake as to the origin of their goods. Consumers are likely to believe Plaintiff is associated or affiliated with and/or approves of Defendants' goods.

37. Defendants' use in interstate commerce, including Alabama, of the MOH-BEEL mark on apparel is a false designation of origin in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

38. Defendants' acts are deliberate, willful, malicious, and have been committed with a reckless disregard for their likelihood to cause confusion and mistake.

39. Plaintiff has respectfully requested, on more than one occasion, that Defendants cease and desist from offering confusingly similar goods, however Defendants have ignored these requests.

40. Plaintiff has no adequate remedy at law, is suffering, and/or has suffered irreparable harm and damages as a result of Defendants' acts.

**SECOND CAUSE OF ACTION**
**Alabama State Trademark Infringement**
**Ala. Code § 8-12-16**
**(Against All Defendants)**

41.  Plaintiff hereby incorporates and re-alleges paragraphs 1-39 of the Complaint as though fully set forth herein.

42. Plaintiff owns Alabama State Trademark Registration No. 117-811 for (MOH-BEEL) for "wearable clothing and garments, namely, shirts." See Exhibit E.

43. Defendants' use, without Plaintiff's consent, of reproductions, counterfeits, copies, and colorable imitations of Plaintiff's registered mark in connection with a business and/or with the sale, offering for sale, or advertising of goods or services is

likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services or the sponsorship of such business in violation of Ala. Code § 8-12-16.

44. Defendants' use of a confusingly similar mark on their goods in Alabama infringes Plaintiff's registered rights.

45. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages and brings this action under Ala. Code § 8-12-16.

### THIRD CAUSE OF ACTION
### Common Law Trademark/Service Mark Infringement
### (Against All Defendants)

46. Plaintiff hereby incorporates and re-alleges paragraphs 1-43 of the Complaint as though fully set forth herein.

47. Plaintiff's (MOH-BEEL) mark is widely recognized in a significant geographic area within the State of Alabama, the Gulf Coast, and beyond as a designation of the source of Plaintiff's goods.

48. Plaintiff has common law trademark rights in its (MOH-BEEL) mark under Alabama law.

49. Defendants' use, without Plaintiff's consent, of its confusingly similar MOH-BEEL mark in connection with a business and/or with the sale, offering for sale, and advertising of its goods has and/or is likely to cause confusion or mistake or to deceive as to the source of origin of the goods.

50. Defendants' use of a confusingly similar mark on their goods in Alabama is an infringement of Plaintiff's common law trademark rights in its (MOH-BEEL) mark.

51. Defendants' acts of infringement are deliberate, willful, malicious, and have been committed with a reckless disregard for their likelihood to cause confusion and mistake.

52. Plaintiff has respectfully requested, on more than one occasion, that Defendants cease and desist from their infringing acts but Defendants have ignored these requests.

53. Plaintiff has no adequate remedy at law, is suffering, and/or has suffered irreparable harm and damages as a result of the aforementioned acts of Defendants.

## FOURTH CAUSE OF ACTION
### Violation of the Alabama Deceptive Trade Practices Act
### Ala. Code §§ 8-19-5, 8-19-10
### (Against All Defendants)

54. Plaintiff hereby incorporates and re-alleges paragraphs 1-51 of the Complaint as though fully set forth herein.

55. Defendants' use, without Plaintiff's consent, of MOH-BEEL in connection with a business and/or with the sale, offering for sale, and advertising of goods has and/or is likely to cause confusion or mistake or to deceive as to the source of origin of the goods.

56. By causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, Defendants' actions, as set forth above, are in violation of Alabama's Deceptive Trade Practices Act, Ala. Code § 8-19-5.

57. By causing confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another, Defendants' actions, as set forth above, are in violation of Alabama's Deceptive Trade Practices Act, Ala. Code § 8-19-5.

58. By engaging in other unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or commerce, Defendants' actions, as set forth above, are in violation of Alabama's Deceptive Trade Practices Act, § Ala. Code 8-19-5.

59. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages and brings this action under Ala. Code § 8-19-10.

## FIFTH CAUSE OF ACTION
### Unjust Enrichment Under Common Law
### (Against All Defendants)

60. Plaintiff hereby incorporates and re-alleges paragraphs 1-57 of the Complaint as though fully set forth herein.

61. By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to be proven at trial.

62. Defendants' retention of monies gained through its deceptive business practices, infringements, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. That Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Defendants be temporarily, preliminarily, and permanently enjoined from:

    a. Using MOH-BEEL or any confusingly similar designation alone or in combination with other words, images, or motifs as a trademark, service mark, or trade name component, to market, advertise, or to identify Defendants' goods or related products;

    b. Otherwise infringing Plaintiff's (MOH-BEEL) mark;

    c. Unfairly competing with Plaintiff in any manner whatsoever; and

    d. Causing a likelihood of confusion or injury to the business reputation of Plaintiff and its mark;

2. That Defendants account and pay over to Plaintiff all damages sustained by

Plaintiff and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those damages be increased as provided by law under 15 U.S.C. § 1117(a);

3. That Plaintiff recover its attorney's fees from Defendants;

4. That Plaintiff be awarded compensatory, punitive, and exemplary damages in amounts to be determined according to proof at trial;

5. That Plaintiff be awarded its costs as provided by 15 U.S.C. § 1117;

6. An award of pre-judgment and post-judgment interest; and

7. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated:   March 19, 2018

Respectfully submitted,

ADAMSIP, LLC

By: /s/ J. Hunter Adams
J. Hunter Adams (ASB-5289-J80Z)
300 Dauphin Street, Suite 200
Mobile, Alabama 36602
(251) 289-9787
hunter@adamsiplaw.com
*Attorney for Plaintiff*