```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


MOBTOWN MERCH, LLC,                *
                                   *
     Plaintiff,                    *
                                   *
vs.                                *   CIVIL ACTION NO. 18-00128-B
                                   *
MOH-BEEL, LLC, et al.,             *
                                   *
     Defendants.                   *
```

## ORDER

This action is before the Court on Plaintiff Mobtown Merch, LLC's Second Motion for Service by Publication, Email, or U.S. Mail (Doc. 8) and Defendant Moh-BEEL, LLC's document titled "Prayer for Relief/Recommendation" (Doc. 11). A status conference was duly noticed and conducted on March 22, 2019. (See Docs. 16, 18). Although notice of the status conference was provided to Defendants at the post office box address listed on documents Defendant Frederick F.B. Sims filed with the Court, no one appeared on behalf of Defendants Sims or Moh-BEEL, LLC.

### I.  Background

By way of background, Plaintiff filed the instant action against Defendants Moh-BEEL, LLC and Frederick F.B. Sims on March 19, 2018. (Doc. 1). Subsequent thereto, Plaintiff filed a motion seeking service by publication. (Doc. 4). In the motion and the accompanying affidavits of Plaintiff's counsel, J. Hunter Adams, and Plaintiff's process server, Jim Johnson,

Plaintiff reported that Johnson had made two attempts to locate Frederick F.B. Sims ("Sims"), a named Defendant and registered agent for Defendant Moh-BEEL, LLC, at a 212 S. Dearborn Street address in Mobile, Alabama; however, Sims had leased the house to another individual, who provided a telephone number for Sims. (Doc. 4-1). According to the process server, he contacted Sims at the telephone number, identified himself to Sims, and advised Sims that he had a "delivery" for him. (Id.). The process server averred that Sims advised him that he was working out of the country, in Mexico, and that he was not sure when he would be returning. (Id.). The process server further asserted that he gave Sims his name and phone number, asked Sims to call when him when he returned, and that, in response, Sims disconnected the call. (Id.).

Additionally, Plaintiff has presented evidence that its counsel, J. Hunter Adams, communicated with Sims via email immediately prior to the instant litigation; however, once notified of the filing of the lawsuit via email, Sims ceased responding to email communications. (See Doc. 4-1 at 2; Doc. 6-2 at 3; Docs. 6-3, 8-6, 8-7, 8-8). Thus, Plaintiff requested, pursuant to Rule 4(e)(1)[1] of the Federal Rules of Civil Procedure

---

[1]   Fed. R. Civ. P. 4(e)(1) provides that an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the
(Continued)

2

and Rule 4.3 of the Alabama Rules of Civil Procedure, that the Court allow service by publication on the ground that the current address of Sims was unknown and that Sims and Moh-BEEL, LLC had avoided service. (Doc. 4 at 1-2).

In an order dated May 8, 2018 denying Plaintiff's motion, the Court observed that "[b]ased upon the record before the Court, it appears that Defendant Sims is in Mexico, and thus, is not 'within a judicial district of the United States.'" (Doc. 5 at 3). The Court stated that "[i]f that [was] the case, Plaintiff would be required to seek service under Fed. R. Civ. P. 4(f)[2] as opposed to Fed. R. Civ. P. 4(e)." (Id.). Because it was not clear which of the two provisions should apply under the circumstances, Plaintiff's motion was denied, and Plaintiff was granted leave to file an amended motion specifically

---

district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1).

[2]   Rule 4(f) provides that:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served at a place not within any judicial district of the United States:
> . . .
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

addressing which of the two provisions should apply and whether service by publication was permissible. (Id.).

Plaintiff next sought permission to serve Defendants by email and U.S. mail pursuant to Fed. R. Civ. P. 4(f)(3), which allows a party to use alternative methods to serve a defendant in a foreign country if the party obtains permission of the court and the requested methods are not otherwise prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). In an order dated June 15, 2018, the Court observed that "[w}hile courts have held that Rule 4(f)(3) is neither a last resort nor extraordinary relief, 'a district court, in exercising the discretionary power permitted by Rule 4(f)(3) may require the plaintiff to show that they have "reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile."'" (Doc. 7 at 2-3) (quoting Int'l Designs Corp., LLC v. Quingdao SeaForest Hair Prods. Co., Ltd., 2018 U.S. Dist. LEXIS 3038, at *8, 2018 WL 2364297, at *3 (S. D. Fla. Jan. 4, 2018) (in turn quoting FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 534 (E.D. Va. 2005))). The Court concluded that Plaintiff had not made the showing required under Rule 4(f)(3) because Sims had provided Plaintiff's counsel a California mailing address when he was

4

still responding to email prior to the filing of this lawsuit (see Doc. 6-3 at 5), but it did not appear that Plaintiff had attempted to serve Sims at the California mailing address. (Doc. 7 at 3-4). The Court further found that because the record reflected that Plaintiff had undertaken steps to serve Defendants, it was appropriate to extend the deadline for service set forth in Federal Rule of Civil Procedure 4(m). (Id. at 4). In response to the Court's Order, Plaintiff timely filed the instant motion requesting permission to serve Defendants by publication, email, or U.S. mail. (Doc. 8).

**II. Discussion**

    **A. Plaintiff's Second Motion for Service by Publication, Email, or U.S. Mail.**

As noted *supra*, the Federal Rules of Civil Procedure provide for service of process pursuant to the law of the state "where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Thus, because this case is pending in federal district court in Alabama, service of process can be accomplished by any means authorized by Alabama law. The circumstances in which service by publication is permitted in Alabama are outlined by Alabama Rule of Civil Procedure 4.3. Rule 4.3(c) authorizes service by publication upon a defendant who avoids service. It provides in pertinent part that:

> [w]hen a defendant avoids service and that defendant's present location or residence is unknown and the process server has endorsed the fact of failure of

> service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication.

Ala. R. Civ. P. 4.3(c). Thus, Plaintiff must show (1) that Sims has avoided service; (2) that his present location or residence is unknown; and (3) that the process server has failed to perfect service upon him. See Am. Indoor Football Ass'n v. Lockwood, 267 F.R.D. 663, 666 (M.D. Ala. May 7, 2010).

Plaintiff has made the requisite showing in this case. Plaintiff has made repeated attempts to serve Defendants Sims and Moh-BEEL, LLC at the 212 S. Dearborn Street address, which is the address listed with the Alabama Secretary of State as the address for Moh-BEEL, LLC and for Sims, the registered agent for Moh-BEEL, LLC. (See Doc. 6-1 at 2). In addition, Plaintiff has attempted to serve Defendants via certified mail at the California address Sims provided to Plaintiff's counsel.[3] The

---

[3] Plaintiff filed with the Court documentation reflecting that the summons and complaint were sent to the California address for Defendants Moh-BEEL, LLC and Frederick F.B. Sims, and that a certified receipt was eventually returned. (Docs. 9, 9-1). Alabama allows service on an individual by certified mail. Ala. R. Civ. P. 4(i)(2). When seeking to serve a corporation or other business entity by certified mail, Ala. R. Civ. P. 4(c)(6) directs that service is accomplished by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process. Ala. R. Civ. P. 4(c)(6). "Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." Ala. R. Civ. P. 4(i)(2)(C).
(Continued)

evidence before the Court reflects that Sims is well aware of this litigation but has avoided service. Indeed, Sims was communicating with Plaintiff's counsel via email up until the complaint was filed. (Doc. 4-1 at 2). Once Plaintiff's counsel notified him that a lawsuit had been filed, he stopped responding to emails. (See id.; Docs. 8-6, 8-7, 8-8). Additionally, one of Plaintiff's process servers reached Sims by telephone on a number provided by Sims' tenant at the 212 S. Dearborn address, and Sims discontinued the call after the process server identified himself as a process server, told Sims he had a delivery for him, and asked Sims to notify him when he returned to the area.[4] (Doc. 4-2). Also, Sims filed a letter with the Court contending that his tenant in California did not have his consent to accept the certified mail on his behalf. (Doc. 10). However, Sims does not and cannot allege that he did not actually receive the summons and complaint, as he subsequently filed a document, on behalf of Moh-BEEL, LLC,

---

In this case, Defendant Sims has asserted, in an unsworn letter to the Court, that a tenant at the California address signed for the certified mail but did not have the authority to do so. (Doc. 10 at 1). The signature on the return receipt is not legible, and it is not clear whether the return receipt was for Sims, individually, or for Sims, on behalf of Moh-BEEL, LLC. (See id. at 2).

[4] A second process server also sought to personally serve Sims at the 212 S. Dearborn Street address that has been leased to a tenant. (Doc. 8-2 at 2).

denying the allegations contained in the complaint. (See Doc. 11). Notably, in Sims' filings with the Court (Docs. 13, 15), he has listed a local post office box, but he has not included any information regarding his residence, his whereabouts, or the location of Moh-BEEL, LLC.[5]  Based on the above, the Court concludes that Sims, individually, and as registered agent for Moh-BEEL, LLC, is avoiding service, that Sims' address and that of Moh-BEEL, LLC are unknown, that the process server has repeatedly attempted but has been unable to serve Sims personally, and that an attempt to serve Sims by certified mail has likewise failed. See Davis v. Summler, 2014 U.S. Dist. LEXIS 52339, at *1-4, 2014 WL 1492876, at *1-2 (M.D. Ala. April 16, 2014) (finding that publication was permitted under Alabama law where evidence established that company accepted preservation letter sent by certified mail but rejected service of complaint sent to the same address by certified mail, that the process server unsuccessfully attempted to serve company, and that the location of the company and its agent were unknown). Accordingly, for the reasons set forth above, Plaintiff's motion to serve Defendants by publication is **granted**.

---

[5]  The local post office box does not have a physical address or forwarding address attached to it. (Doc. 8-5 at 2).

Because more than ninety (90) days have passed since the filing of Plaintiff's complaint, the complaint is subject to dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m).  However, the Court finds good cause for Plaintiff's failure to serve Defendants; thus, the Court extends the time within which service must be perfected.  Plaintiff is ordered to file proof of completed service by publication on or before **May 24, 2019.**

### B. Defendant Moh-BEEL, LLC's Document Titled "Prayer for Relief/Recommendation".

The Court turns next to Defendant Moh-BEEL, LLC's document titled "Prayer for Relief/Recommendation" (Doc. 11).  As best the Court can discern, the document, which is signed by "Frederick Sims for Moh-BEEL, LLC", purports to be an answer on behalf of Moh-BEEL, LLC.  While an individual, such as Sims, is permitted to appear in federal court on behalf of himself, he may not appear on behalf of a corporation or artificial entity, such as a partnership.  In other words, corporations and other artificial entities are prohibited from appearing in federal court without counsel. See, e.g., Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir. 1984) ("This rule ensures that a licensed attorney, an officer of the court, is responsible for conducting the corporation's litigation.").  Accordingly, the document

9

filed on behalf of Defendant Moh-BEEL, LLC by Defendant Sims (Doc. 11) is hereby stricken without prejudice, as there is nothing before the Court demonstrating that Defendant Sims is licensed to practice law.  Defendant Sims is free to file an answer on behalf of himself.

**DONE** this **25th** day of **March, 2019.**

                                                      **/s/SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**