**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| MOBTOWN MERCH, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 18-00128-B |
| | * |
| MOH-BEEL, LLC, *et al.*, | * |
| | * |
| Defendants. | * |

## AMENDED ORDER

This action is before the Court on Frederick Sims' "Motion and Response to Court Order dated March 25, 2019." (Doc. 20). In the motion, Mr. Sims requests that this matter be set for a conference on April 19, 2019, so that he can be served with Plaintiff's lawsuit in the presence of the Court. According to Mr. Sims, he is "extremely uncomfortable" being served with the lawsuit by Plaintiff's counsel or a process server without the presence of an officer of the Court. The undersigned notes, as a preliminary matter, that Plaintiff's attorneys, as licensed attorneys who are admitted to practice before this Court, are in fact officers of this Court. Moreover, while Mr. Sims asserts that he did not receive a copy of the Court's order dated March 11, 2019 (Doc. 16) setting this case for a hearing on March 22, 2019, he does not contend that the post office box the order was sent to is not his post office box. In fact, the Court's last two orders (Docs. 16, 19) were both addressed to Mr. Sims at the same

post office box, and he offers no explanation for why he received one order but did not receive the second one.[1]  Accordingly, his request for a conference is **DENIED**.

Mr. Sims also requests permission to litigate this lawsuit on behalf of Moh-BEEL, LLC.  As stressed in the Court's order dated March 25, 2019 (Doc. 19), corporate entities, such as Moh-BEEL, LLC, cannot appear in federal court without counsel.  See, e.g., Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir. 1984) ("This rule ensures that a licensed attorney, an officer of the court, is responsible for conducting the corporation's litigation.").  Mr. Sims has not alleged, and the State Bar of Alabama's directory does not reflect, that Mr. Sims is authorized to practice law in the state of Alabama.  Thus, Mr. Sims cannot represent Moh-BEEL, LLC in this action without running afoul of the law.  Accordingly, his request is **DENIED**.  And, to the extent Mr. Sims is requesting that the Court appoint counsel for Moh-BEEL, LLC, the request is **DENIED**.

Additionally, Mr. Sims requests that the Court nullify Plaintiff's mark registered with the state of Alabama; however, that issue not properly before the Court, nor does Mr. Sims provide

---

[1] Mr. Sims has requested that mail be sent to him at 29 Isis Street, San Francisco, CA 94103.  Accordingly, the Clerk is directed to update the docket sheet to reflect the California address as Mr. Sims' current address.

any legal authority for said request.  Accordingly, the request is **DENIED**.

Mr. Sims further requests permission to resubmit Document 11 (entitled "Prayer for Relief/Recommendation"), and to file a counterclaim.  As the Court explained in its order dated March 25, 2019 (Doc. 19), Mr. Sims is free to litigate this matter on behalf of himself.  In the same order, the Court granted Plaintiff permission to serve Defendants by publication after determining that Mr. Sims has avoided service.  Accordingly, Mr. Sims and Moh-BEEL, LLC are required to file an answer, and if they fail to do so, a default judgment may be entered against them.

Finally, Mr. Sims requests that this case be dismissed with prejudice; however, he has not submitted a brief containing legal authority in accordance with the Local Rules of this Court.  Accordingly, his request is stricken.

**DONE** this **18th** day of **April, 2019.**

/s/SONJA F. BIVINS  
**UNITED STATES MAGISTRATE JUDGE**